IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

WEST MEDIA PUBLISHING, INC., a Delaware Corporation,

*Plaintiff*

v.

CAPITOL CMG, INC. a California Corporation, doing business as EMI GOSPAL, MOTOWN GOSPEL, and SPARROW MUSIC;

*Defendant.*

Case No.:

Hon.:

**DEMAND FOR JURY TRIAL**

_____

**Jeffrey P. Thennisch (P51499)**
Thennisch Law Group, PC
7111 Dixie Highway #210
Clarkston, MI  48346
(810) 610-5640
jeff@musicrightslaw.com

*Attorneys for Plaintiff*

_____

**COMPLAINT FOR COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §501 WITH DEMAND FOR JURY TRIAL**

Plaintiff, West Media Publishing, Inc. ("WEST MEDIA"), by its undersigned counsel, for its Complaint against Defendants, The Harry Fox Agency LLC ("HFA"), for Federal Copyright Infringement under Section 501 of the U.S. Copyright (17 U.S.C. §501) hereby alleges as follows:

## NATURE OF THE ACTION

This is a civil action arising under the Copyright Laws of the United States, Title 17, United States Code, for copyright infringement relating to the unauthorized use, dissemination, licensing, and "lending" of certain musical compositions and works controlled and/or owned by West Media since at least as early as October 31, 2003 and previously created and authored by the performer and songwriter, Norman David West (Mr. West), involving duly registered works before the U.S. Copyright Office as issued U.S. Copyright SRu 297-368 (hereinafter "the West '368 copyright" at Exhibit A) and U.S. Copyright SRu 339-964 (hereinafter "the West '964 copyright at Exhibit B). For clarity, this action relates to the creation and release of a cover version of the prior West Musical Composition, "GOOD NEWS," that was recorded and released by Defendant, as EMI Gospel and/or Motown Gospel, by the recording artist, Vanessa Bell Armstrong, as part of her Grammy Award nominated work, "The Experience," in 2009 and continues to be released and used in later issued works and streaming services, now requiring a full accounting of all proceeds derived from the licensing, use, and exploitation of the West Musical Composition, "GOOD NEWS," by Defendant.

## THE PARTIES

1. Plaintiff West Media Publishing, Inc. is the holder of the exclusive rights to all musical compositions and music publishing rights associated with the many musical works authored (in whole or in part) by Mr. West and maintains business operations and musical collaborations in both the State of Michigan and the District of Colombia.

2. The most relevant musical works at issue in this action include, but are not limited to, the following musical composition of music and lyrics authored by Mr. West, and which are exclusively managed by West Media: "Good News" (hereinafter "the West Media Musical Work").

3. On information and belief, Defendant Capitol Christian Music Group, is a California corporation, which currently and/or formerly conducted business as EMI GOSPEL, MOTOWN GOSPEL, and/or SPARROW MUSIC with a principal place of business located at 101 Winners Circle N. in Brentwood, TN 37027 and a Registered Agent recited as 1505 Corporation 12, CT Corporation System, 330 N. Brand Blvd., Suite 700 in Glendale, CA 90404 (hereinafter collectively referred to as "Capitol CMG" or "Defendant").

## JURISDICTION, VENUE, AND PROCEDURAL MATTERS

4. This action arises under the Copyright Laws of the United States of America, 17 U.S.C. §101 et seq. This Court has exclusive federal jurisdiction over the subject matter of his action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant Capitol CMG because Defendant is present and resides within this judicial district, Defendant has specific contacts with the State of Michigan, and the aforementioned activities and infringing conduct have transpired within this judicial district and Defendant has intentionally and purposefully availed itself to the forum.

6. Venue is proper in this District under 28 U.S.C. §1391(b) and 28 U.S.C. §1400 because a substantial part of the events or omissions giving rise to this action have occurred and/or will occur within this judicial district, and under 28 U.S.C. §1400(b) in that it is a judicial district where Defendant has committed acts of copyright infringement.

## BACKGROUND AND GENERAL ALLEGATIONS

7. At all times relevant hereto, Plaintiff West Media has been and is still the holder of the exclusive rights under the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq., and all amendments thereto) (the "Copyright Act") relating to the West Media Musical Work, which have been previously duly registered before the U.S. Copyright Office as issued U.S. Copyright SRu 297-368 at Exhibit A and U.S. Copyright SRu 339-964 at Exhibit B.

8. Commencing on or about 2009, Defendant, acting through one or more of its current and/or former assumed business names released a musical work entitled: "The Experience" performed by Vanessa Bell Armstrong where one of the specific musical tracks or works is/was the musical work, "GOOD NEWS."

9. On information and belief in 2011, "The Experience" was nominated for the Grammy Award for Best Traditional Gospel Album and the Vanessa Bell Armstrong "cover version" of the specific West Media Musical Work, "GOOD NEWS" which incorporates and utilizes the Plaintiff's prior musical composition without the consent, license, payment, or permission of the Plaintiff.

10. On information and belief, both "The Experience" and the specific "GOOD NEWS" version recorded by Vanessa Bell Armstrong and sold by Defendant has received many industry accolades and awards, including specific recognition as by Broadcast Music, Inc. (BMI).

11. On information and belief, the West Media Musical Work, "GOOD NEWS," in the form of the cover version recorded and released by Vanessa Bell Armstrong, has subsequently been adopted, released, sold, and used by Defendant in additional Vanessa Bell Armstrong releases, greatest hits compilations, and other media, including online and streaming services for profit, which continue until the present day.

12. On information and belief, and on a date not currently known to West Media and without prior consent or knowledge of West Media, Defendant created, prepared, recorded, and released the Vanessa Bell Armstrong version of "GOOD NEWS" without consent, license or payment to Plaintiff and such acts continue to the present day.

12. Springtime Music, Inc. is a Michigan corporation operating and existing within this judicial district which Plaintiff has had prior affiliation.

13. On information and belief, including specific representations by Springtime Music, Inc., Plaintiff is not aware of any consent, license, permission that Springtime Music, Inc. may have given the Defendant to record, release, or sell the Vanessa Bell Armstrong version of the West Media Publishing Work, "GOOD NEWS."

14. On information and belief, at no time did Defendant inform, or disclose to Plaintiff West Media that it would utilize any portion of the prior West Media Publishing Work, "GOOD NEWS," in its business operations or release the Vanessa Bell Armstrong version of the work.

15. At all times relevant hereto, Plaintiff has not received any type of accounting, payments, or statements relating to the Defendant's past and present use of the West Media Publishing Work, "GOOD NEWS."

## COUNT I
## Federal Copyright Infringement In Violation of 17 U.S.C. §501

16. West Media hereby incorporates by reference the allegations contained in the previous paragraphs 1-15 as though fully set forth herein.

18. At all times relevant hereto, West Media is, and has been, the holder of f exclusive rights under the Copyright Act with respect to the West Media Musical Work.

19. Additionally, the West Media Musical Work has received formal Certificate(s) of Copyright Registration before the U.S. Copyright Office as shown at Exhibits A and B.

20. Among the exclusive rights bestowed upon West Media under the Copyright Act is/are the exclusive right to reproduce the Copyrighted Work, prepare derivative works, and to distribute and display the Copyrighted Work to the public, including "by sale or other transfer of ownership, or by rental, lease, or lending" within the meaning of 17 U.S.C. §106(3) among other pertinent provisions.

21. West Media is informed and believes that Defendant, without the permission or consent of West Media, has used, and continues to use the West Media Musical Work by reproducing, selling, and distributing copies of the works in a manner which deprives West Media of its rights under the Copyright Act and further diverts West Media's rights to a third party.

22. By virtue of these actions, Defendant has violated, and continues to violate and infringe, the exclusive rights enjoyed by West Media set forth in the U.S. Copyright Act and engaged in actionable copyright infringement within the meaning of at least 17 U.S.C. § 501.

23. Defendant's actions constitute infringement of West Media's exclusive rights under 17 U.S.C. § 101 et seq., including 17 U.S.C. § 106.

24. West Media is informed and believes that the foregoing acts of infringement by the Defendant have been willful and intentional, in disregard of and with indifference to the rights of West Media.

25. As a result of Defendant's conduct and infringement of the West Media Musical Work and exclusive rights under copyright law, West Media is entitled to an election of statutory damages pursuant to 17 U.S.C. § 504(c) for Defendants' infringement and/or willful infringement of the West Media Musical Works and/or actual damages sustained by the Plaintiff as well as other remedies allowed by the U.S. Copyright Act. West Media is further entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

26. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause West Media great and irreparable injury that cannot fully be compensated or measured in money. West Media has no adequate remedy at law.

27. Defendant's actions of direct and/or inducement of infringement are and have been knowing and willful.

28. By this unlawful exploitation of the West Media Musical Work, Defendant has violated one or more of the exclusive rights held by West Media under at least 17 U.S.C. § 106.

29. Defendant has realized unjust profits, gains, and advantages as a proximate result of their infringing and/or unauthorized acts.

30. Defendant will continue to realize unjust profits, gains, and advantages as a proximate result of the infringement as long as such infringement is permitted to continue.

31. As a direct and proximate result of Defendant's direct and indirect willful copyright infringement, West Media has suffered, and will continue to suffer, monetary loss, damage, and diminution of its rights under the U.S. Copyright Act.

32. West Media is entitled to recover from Defendant, in amounts to be determined at trial, the damages sustained and will sustain, and any gains, profits, and advantages obtained by Defendant as a result of Defendant's acts of infringement, as well as other violations of the U.S. Copyright Act, 17 U.S.C. §101 et seq.

## PRAYER FOR RELIEF

West Media prays for relief against Defendant as follows:

a. That Defendant and its respective servants, agents, employees, and all those in active concert or participation with Defendant, be preliminarily and permanently enjoined and restrained from:

  i. using in any manner, on, or in connection with any of the Defendant's business operations, dissemination and/or distribution of products or services which copy, depict, or

  simulate any aspect of the West Media Musical Work or other works that are identical or substantially similar thereto;

b. That Defendant be ordered to disclose all information and records in its possession, custody and control identifying the use or exploitation of the West Media Musical Work in any manner and Defendant disclose all information and records in its possession, custody and control identifying any third parties to whom Defendants distributed and/or provided any aspect of the West Media Musical Work;

c. That West Media recover all damages sustained as a result of the Defendant's unlawful activities and that said damages be trebled for willful infringement pursuant to all relief and remedies allowed by the U.S. Copyright Act, 17 U.S.C. §101 et seq.;

d. That an accounting be directed to determine the Defendant's profits resulting from their and their affiliates' unlawful activities and that such profits be paid over to West Media, increased as this Court finds to be just under the circumstances of this case;

e. That Plaintiff West Media recover its reasonable attorneys' fees and costs under 17 U.S.C. §505;

 f. That West Media be awarded punitive and/or damages and its costs of this action, together with prejudgment and post-judgment interest under the U.S. Copyright Act;

 g. That Defendant HFA be ordered to make a written report within a reasonable period, to be filed with the Court, detailing the manner of their compliance with the requested injunctive and mandatory relief above; and

 h. That Plaintiff West Media recover such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

West Media demands a trial by jury of all issues so triable.

Dated: August 22, 2022            */s/ Jefftey P. Thennisch/*
                                  **Jeffrey P. Thennisch (P51499)**
                                  Thennisch Law Group PC
                                  7111 Dixie Highway #210
                                  Clarkston, MI  48346
                                  (810) 610-5640
                                  jeff@musicrightslaw.com
                                  *Attorneys for Plaintiff*